■ Serban P. Ruse, Appellant, v Inta-Boro Two-Way Radio Taxi Assocs., Inc., et al., Respondents, et al., Defendant.— In an action, *inter alia*, to recover damages for fraud and breach of contract, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Durante, J.), entered January 26, 1989, as limited his award to $30,000, without interest and dismissed his cause of action to recover damages for fraud.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff argues that questions of fact exist which warrant jury consideration. We disagree. In order to recover damages for fraud, "the plaintiff must prove: (1) a misrepresentation of fact, (2) which was false and known to be false by the defendant, (3) that the representation was made for the purpose of inducing the other party to rely upon it, (4) the other party justifiably did so rely, (5) causing injury" *(Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467; *see also, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Roney v Janis,* 77 AD2d 555, *affd* 53 NY2d 1025; *Brown v Lockwood,* 76 AD2d 721; Restatement [Second] of Torts § 525; 60 NY Jur 2d, Fraud and Deceit, § 11). Because the plaintiff failed to adduce any evidence that the defendants made any misrepresentations to him, his cause of action to recover damages for fraud was properly dismissed.

We also reject the plaintiff's contention that questions of fact existed regarding the cause of action to recover damages for breach of contract. That cause of action is barred on the ground of res judicata, as it was already rejected in a prior action before the Civil Court *(see, Gilberg v Barbieri,* 53 NY2d 285, 291; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Matter of Reilly v Reid,* 45 NY2d 24; *Shaid v Consolidated Edison Co.,* 95 AD2d 610). In any event, the plaintiff failed to present any proof entitling him to damages based upon an alleged breach of contract.

We have considered the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.