■ SUSAN EADES et al., Appellants-Respondents, v TADAO OGURA, M.D., P. C., Respondent-Appellant.—In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 8, 1990, as, upon reargument, granted the defendant's motion to dismiss the third cause of action to recover damages for fraudulent inducement to divorce, and the defendant cross-appeals from so much of the same order as, in effect, denied its application for costs and attorneys' fees pursuant to CPLR 8303-a.

Ordered that order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The complaint was insufficient to sustain a cause of action sounding in fraud. "In order to recover damages for fraud, 'the plaintiff must prove: (1) a misrepresentation of fact, (2) which was false and known to be false by the defendant, (3) that the representation was made for the purpose of inducing the other party to rely upon it, (4) the other party justifiably did so rely, (5) causing injury' " *(Ruse v Intra-Boro Two-Way Radio Taxi Assocs.,* 166 AD2d 641, quoting from *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467; *see also, Channel Master Corp. v Aluminum Ltd.*

*Sales,* 4 NY2d 403). The plaintiffs failed to allege a knowing misrepresentation of fact. Their contentions with respect to a prior order dated March 9, 1990, are not properly before this court, as they failed to take an appeal from that order.

The Supreme Court properly declined to award attorneys' fees to the defendant pursuant to CPLR 8303-a. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.