■ DORON ZANANI, Appellant, v PAUL SAVAD et al., Respondents. [630 NYS2d 89] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated May 11, 1994, which (1) granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and (2) denied as moot the plaintiff's cross motion for partial summary judgment dismissing the defendants' fifth affirmative defense and for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, to consider the plaintiff's cross motion and for further proceedings.

The defendants were involved in the remodeling, refurbishing, and subsequent sale of certain condominium apartments in Brooklyn. The plaintiff purchased one of these apartments in March 1988. The defendants estimated in the offering plan for the condominium that the annual real estate taxes for the plaintiff's apartment would be approximately $827 based upon a real estate assessment of $9,035.

The plaintiff subsequently commenced the instant action, *inter alia,* for fraud. The plaintiff alleged that after he purchased the apartment, the assessed valuation was increased to $51,700 to reflect its market value after renovation, thereby increasing the annual real estate taxes to $4,872. The plaintiff also alleged that the defendants' offering plan contained a false representation by stating that there was no standard approach used by the City of New York to reassess real property after substantial renovations of a building were completed. The plaintiff further alleged that the representations by the defendants with regard to the real estate taxes and assessment were known by them to be false and fraudulent when made, and were made with the intent to deceive him and to induce him to purchase the unit. The plaintiff claimed that the defendants knew or should have known that the assessed valuation of the entire condominium and apartment would increase substantially after renovations were completed, and if it were not for these false and fraudulent representations, he would have purchased the apartment at a substantially lower price.

To state a cause of action for fraud, a plaintiff must allege,

*inter alia,* a misrepresentation of fact *(see, Eades v Tadao Orgura, M.D., P. C.,* 185 AD2d 266). In general, a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud. To constitute actionable fraud, the false representation relied upon must relate to a past or existing fact, or something equivalent thereto, as distinguished from a mere estimate or expression of opinion. Thus, a projection of a plaintiff's future real estate tax liability generally is considered to be an estimate and can only reasonably be understood as such given the volatility of tax rates and assessments *(see, Albert Apt. Corp. v Corbo Co.,* 182 AD2d 500; *Koagel v Ryan Homes,* 167 AD2d 822).

However, in the case at bar, the plaintiff's complaint does not merely allege a misrepresentation as to his future tax liability. Rather, the plaintiff made additional allegations (1) that the defendants' offering plan contained a false representation by stating that there was no standard approach used by the City of New York to reassess real property after substantial renovations of a building were completed and (2) that the defendants estimated his tax liability based on conditions prior to renovation with the intent to deceive him and to induce him to purchase the apartment. Because of these additional allegations, the plaintiff has stated a cause of action for fraud. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.