■ NIKOLAUS KARSANOW et al., Appellants, v ROBERT KUEHLEWEIN et al., Respondents. [648 NYS2d 465] —In an action, *inter alia,* to foreclose a mortgage, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Amann, J.), dated October 13, 1995, as granted the defendants' motion to dismiss the first cause of action set forth in the complaint to the extent that it sought to impose personal liability against them in the event of a deficiency judgment, and to dismiss the plaintiffs' second and third causes of action in their entirety.

Ordered that the order is affirmed insofar as appealed from, with costs.

In order to state a cause of action for fraud, a plaintiff must allege, *inter alia,* a misrepresentation of fact (*see, Zanani v Savad,* 217 AD2d 696; *Eades v Tadao Orgura, M.D., P. C.,* 185 AD2d 266). Here, the plaintiffs allege that they were fraudulently induced to enter into a series of mortgage extension agreements because the mortgagor's attorney, the defendant John Gulino, falsely represented that if they attempted to foreclose, the mortgagor would file for bankruptcy, and they would "lose everything". However, this alleged misrepresentation of fact is no more than an opinion, or prediction of something which is expected to occur in the future, and cannot sustain a claim for fraud (*see, Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778; *see also, Zanani v Savad, supra; Zaref v Berk & Michaels,* 192 AD2d 346). The further statement by Gulino to the plaintiffs' attorney that "with myself in the picture your client will get paid", is not actionable because it was a statement of future intention, and the plaintiffs failed to allege facts to demonstrate that, at the time the representation was made, the defendants did not intend to honor or act on the statement (*see, Lanzi v Brooks, supra; Lane v McCallion,* 166 AD2d 688, 690).

Furthermore, the plaintiffs' allegation that they consented to the inclusion of a non-recourse clause in the extension agree-

ments because Gulino assured them that such a provision was "customary" is insufficient to establish a claim for fraud. The plaintiffs could not reasonably rely on the legal opinions or conclusions of their adversary's counsel (*see, Aglira v Julien & Schlesinger,* 214 AD2d 178, 185). Moreover, the subject provision was clearly set out in the mortgage extension agreements, and where a party "has the means available to him of knowing by the exercise of ordinary intelligence the truth or real quality of the subject of the representation, he must make use of those means or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations" (*Dunkin' Donuts v Liberatore,* 138 AD2d 559). Accordingly, the second cause of action, which sought damages for fraud, was properly dismissed, as was the third cause of action, which sought to reform the extension agreements upon the ground of unilateral mistake induced by the defendants' fraudulent conduct (*see, Kadish Pharmacy v Blue Cross & Blue Shield,* 114 AD2d 439). In view of the plaintiffs' failure to state a cause of action for reformation of the agreements to excise the non-recourse clause, the court also correctly dismissed the first cause of action to the extent that it seeks to hold the defendants personally liable in the event of a deficiency judgment. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.