■ ANTHONY ALBANESE, Plaintiff, v CONSOLIDATED RAIL CORPORATION, Respondent, and NEPERA, INC., Appellant. [666 NYS2d 680] —In an action, *inter alia,* to recover damages for personal injuries, the defendant Nepera, Inc., appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated November 25, 1996, which granted the motion of the defendant Consolidated Rail Corporation for summary judgment determining that Nepera, Inc., is obligated to defend and indemnify Consolidated Rail Corporation should it be determined that the plaintiff was injured upon premises leased by Nepera, Inc.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The defendant Consolidated Rail Corporation (hereinafter Conrail) and the defendant Nepera, Inc. (hereinafter Nepera), entered into an agreement whereby Nepera leased land containing railroad tracks from Conrail. Section 5.1 of the lease permitted Nepera to use "the land and tracks solely for the purpose[s] of a driveway, fence and storage of railroad cars".

The lease also provided for the imposition of liability on Nepera, as lessee, for misuse of the leased premises, as follows: "5.2 Without the prior consent of Conrail, Lessee shall not make any use of the Tracks, or keep or move any substances or materials on or about the Tracks, other than as set forth in Section 5.1. Bills of lading or other commercial documents, or Conrail's delivery of any substance or material, shall not be deemed the prior consent of Conrail. Notwithstanding any provisions [of] Sections 8 and 9 and regardless of any fault, failure or negligence of Conrail, Lessee shall indemnify, defend and save harmless Conrail from and against all Claims (as defined in Section 8.4) and Environmental Claims (as defined in Section 9.5) *arising from any use of the Tracks or the presence on or movement over the Tracks of any substance or material not specifically set forth in Section 5.1* unless Lessee has received the prior consent of Conrail" (emphasis supplied).

Additionally, Section 8.1 of the lease contained indemnification provisions to be followed in the event of sole or joint liability of Conrail and Nepera. For the purposes of indemnification the term "claims" was generally defined in Section 8.4 as follows: "8.4 The word 'Claims' as used in this Section 8 shall mean all claims, liabilities, demands, actions at law and equity, judgments, settlements, losses, damages and expenses of every character for any injury to or death of any person, and for any damage to or loss or destruction of property and any kind *caused by, arising out of or occurring in connection with the Tracks and Leased Land use, maintenance, replacement, presence or removal of the Tracks*" (emphasis supplied).

On November 16, 1994, the plaintiff, an employee of Conrail, was allegedly injured when noxious and toxic fumes overcame him while he was performing a railcar switching drill at or near Nepera's chemical plant. He thereafter commenced this action against Conrail and Nepera.

Conrail contends that Section 5.2 of the lease governs liability and, therefore, Nepera is obligated to defend and indemnify it. We disagree. The words of a contract must be accorded their " 'fair and reasonable meaning' ", and its meaning should be based on reasonable interpretations of the literal language (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555). In addition, "[it] is a cardinal rule of construction that a contract should not be interpreted in such a way as would leave one of its provisions substantially without force" (*Tantleff v Truscelli,* 110 AD2d 240, 245-246, *affd* 69 NY2d 769; *Corhill Corp. v S. D. Plants, Inc.,* 9 NY2d 595, 599; *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46).

Upon review of the lease, we find that Section 5.2, by its terms, does not apply in this case because the alleged wrong did not involve a misuse of the leased tracks or the movement of a substance over them. The alleged noxious and toxic fumes do not constitute a misuse of the land and tracks, as the fumes are not a "presence on or movement over the Tracks" as contemplated in Section 5.2. Rather, the claim in this case falls under the more general liability and indemnification provisions of Section 8. In this regard, the Supreme Court's interpretation applying Section 5.2 to virtually any injury occurring on the leased premises is overly broad and would render Section 8.1 meaningless. Since the liability provisions under Section 8 apply, summary judgment was improperly granted because the respective culpability of the defendants, if any, has not yet been determined. Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.