■ GEORGE LEYLEGIAN, Respondent, v FEDERAL PAPER BOARD COMPANY, INC., et al., Appellants. [674 NYS2d 29] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 28, 1997, which granted plaintiff's motion to amend the complaint to add Peterson and Grant as defendants, unanimously reversed, on the law and the facts, without costs, and the motion denied.

This personal injury action arose out of an automobile collision that occurred on November 14, 1987. Plaintiff, a Connecticut resident, collided with a car driven by Kenneth Grant on Interstate I-95 near the town of Rye, New York. Grant's car was owned by D.L. Peterson Trust (Peterson) and Grant was operating the car within the scope of his employment with Federal Paper Board Company, Inc. (Federal).

At the time of the accident, Federal had automobile liability coverage with American Mutual Insurance Company (American Mutual) with limits of $1,000,000. In March, 1989, American Mutual liquidated and Connecticut Insurance Guaranty Association (CIGA) assumed the American Mutual policy.

On July 20, 1989, CIGA informed plaintiff's Connecticut counsel that pursuant to Connecticut statutes, CIGA was not authorized to make payment on any claim against an insolvent insurer until the claimant had exhausted his or her rights under any provision in an insurance policy that was available to the claimant, including any uninsured or underinsured motorist coverage.

Thereafter, plaintiff commenced suit against Federal, Peterson and Grant in Connecticut, but the action was dismissed based upon Connecticut's two-year Statute of Limitations.

On November 14, 1990, plaintiff commenced suit against Federal in New York by personal service. On the day before the New York Statute of Limitations was to run, plaintiff attempted to serve Peterson and Grant pursuant to Vehicle and Traffic Law § 253, by service of summons and complaint upon the Secretary of State, but he subsequently admitted that such service had been defective because he failed to file an affidavit of compliance with the clerk of the court in which the action was pending. The case continued solely against Federal.

Plaintiff moved on July 11, 1996 to amend his complaint to add Peterson and Grant as defendants since the action "related back" to them pursuant to CPLR 203 (b).

The relation-back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where (1) both claims arise out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) the new party knew or should have known that, *but for a mistake by plaintiff as to the identity of the proper parties*, the action would have been brought against him as well (*Buran v Coupal*, 87 NY2d 173, 178-180).

Plaintiff has not shown, nor does he claim, that he was mistaken as to the identities of either Peterson or Grant. Indeed, plaintiff was aware of their identities long before the expiration of the New York Statute of Limitations, as evidenced by his inclusion of them as defendants in the dismissed Connecticut action, and by his failed attempt to properly serve Peterson and Grant on the last day for suit in New York, six years prior to bringing this motion. Under the circumstances, there was no mistake as to the identity of Peterson and Grant, and therefore plaintiff could and should have commenced the action within the three-year period specified in CPLR 214 (5) (*see, Greene v Davidson*, 210 AD2d 108, *lv denied* 85 NY2d 806). Additionally, plaintiff failed to timely proceed against Peterson and Grant because he chose to rely on Federal for recovery, evidencing that plaintiff made a tactical decision to forgo suit against Peterson and Grant.

Finally, while Peterson and Grant had notice of the Connecticut suit, plaintiff did not provide them with notice of the New York suit since he failed to provide them with a copy of the summons and complaint pursuant to Vehicle and Traffic Law § 253. At the earliest, Grant received notice of this suit in 1994, when he appeared for a nonparty deposition. Under the circumstances, Peterson and Grant reasonably believed that any claim against them would not be pursued. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.