■ PETER MOLLER et al., Appellants, v ALAN J. TALIUAGA et al., Respondents. DENNIS M. KARSCH, Proposed Respondent. [681 NYS2d 90] —In an action, *inter alia,* to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated August 19, 1997, which denied their motion to amend the complaint to add Dennis M. Karsch as a party defendant.

Ordered that the order is affirmed, with costs.

On January 7, 1983, the plaintiff Peter Moller consulted with the defendant Alan J. Taliuaga regarding representing him in a lawsuit to recover damages for personal injuries, etc. Taliuaga agreed to represent the plaintiffs and executed a retainer agreement on January 14, 1983. In 1992 Taliuaga advised the plaintiffs that they did not have a case and that any potential claim against the City of New York was barred because a notice of claim had not been timely filed.

In 1994 the plaintiffs commenced the instant action against Taliuaga and the defendant Taliuaga & Karsch, P. C. (hereinafter the corporation), a professional corporation engaged in the practice of law to recover damages as a result of alleged legal malpractice. All of the allegations of malpractice in the original complaint were based on actions taken by Taliuaga personally.

In 1997 the plaintiffs moved for leave to amend the complaint and add Dennis M. Karsch, a principal of the corporation, as a defendant, on the ground that he had been actively

involved in the underlying personal injury action. Because the plaintiffs' application for leave to amend the complaint and add Karsch as a defendant was made after the Statute of Limitations had expired, it was time-barred and the burden shifted to the plaintiffs to establish the applicability of the relation-back doctrine of CPLR 203 (b) (*see, Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822).

For the rule allowing relation back to the original date of filing under CPLR 203 (b) to be operative in an action in which a party is added beyond the applicable limitations period, a plaintiff is required to prove that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well (*see, Buran v Coupal,* 87 NY2d 173).

The plaintiffs have failed to meet their burden. There is no evidence to establish that Karsch is united in interest with Taliuaga. Parties are united in interest only where "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone,* 270 NY 154, 159; *see, Desiderio v Rubin,* 234 AD2d 581; *Mondello v New York Blood Ctr.-Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Brock v Bua,* 83 AD2d 61, 68). In short, "interests will be united, only where one is vicariously liable for the acts of the other" (*Connell v Hayden,* 83 AD2d 30, 45). In general, an employee of a professional corporation will not be held vicariously liable for acts performed solely by a coemployee (*see, Engelbart v Schachter,* 235 AD2d 387; *Hylton v Flushing Hosp. & Med. Ctr.,* 218 AD2d 604). A shareholder, employee, or officer of a professional corporation is liable only for negligent or wrongful acts "committed by him or by any person under his direct supervision and control while rendering professional services on behalf of such corporation" (Business Corporation Law § 1505 [a]; *see also, Ecker v Zwaik & Bernstein,* 240 AD2d 360, 361; *Somer & Wand v Rotondi,* 219 AD2d 340, 343). Here, other than the unsubstantiated allegations of the plaintiffs' attorney, the plaintiffs failed to present any proof that Karsch committed any negligent or wrongful acts in the prosecution of the

plaintiffs' underlying action or that he supervised Taliuaga's actions. Therefore, the plaintiffs' motion was properly denied. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.