■ CHASE INVESTMENTS, LTD., Respondent, v WILLIAM J. KENT, III, et al., Appellants. [681 NYS2d 319] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated November 24, 1997, as, upon reargument, adhered to so much of a prior determination of the same court, made in an order dated August 13, 1997, as granted that branch of the plaintiff's motion which was for leave to amend its complaint so as to assert a cause of action to recover damages for fraud.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the plaintiff's motion which was for leave to amend its complaint so as to assert a cause of action to recover damages for fraud is denied, and the order dated August 13, 1997, is modified accordingly.

The Supreme Court improperly granted the plaintiff's motion for leave to amend its complaint so as to assert a cause of action to recover damages for fraud. Generally, leave to amend pleadings "shall be freely given upon such terms as may be just" (CPLR 3025 [b]; *see, Romeo v Arrigo*, 254 AD2d 270). Although the decision whether to grant such leave is generally left to the sound discretion of the trial court (*see, Mayers v*

*D'Agostino,* 58 NY2d 696; *Duffy v Bass & D'Allesandro,* 245 AD2d 333), "where the insufficiency or lack of merit of the cause of action sought to be asserted is clear and free from doubt, leave should not be granted" (*Metral v Horn,* 213 AD2d 524, 525; *see, Romeo v Arrigo, supra*).

Here, the plaintiff's proposed amended complaint failed to sufficiently allege all of the elements of a cause of action to recover damages for fraud (*see,* CPLR 3016 [b]). "In order to state a cause of action for fraud, a plaintiff must allege, *inter alia,* a misrepresentation of fact" (*Karsanow v Kuehlewein,* 232 AD2d 458), and "a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud" (*Zanani v Savad,* 217 AD2d 696, 697). The alleged representations of the defendants to the effect that the plaintiff would successfully obtain a zoning variance, upon which the contract was conditioned, constituted nothing more than "opinion[s] or prediction[s] of something which is expected to occur in the future, and [therefore] cannot sustain a claim for fraud" (*Karsanow v Kuehlewein, supra,* at 458; *Zanani v Savad, supra*). Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.