■ DORON ZANANI, Appellant-Respondent, v PAUL SAVAD et al., Respondents-Appellants. [696 NYS2d 856] —In an action, *inter alia*, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 9, 1996, as denied those branches of his motion which were for partial summary judgment on his first cause of action on the issue of liability and for summary judgment dismissing the "sixth affirmative defense and first counterclaim" and "seventh affirmative defense and second counterclaim" asserted by the defendants Paul Savad and Elliot Leffel, and the defendants Paul Savad and Elliot Leffel cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting therefrom the provision denying that branch of the plaintiff's motion which was for summary judgment dismissing the "sixth affirmative defense and first counterclaim" and "seventh affirmative defense and second counterclaim" asserted by the defendants Paul Savad and Elliot Leffel, and substituting therefor a provision granting that branch of the motion, and, upon searching the record, by adding thereto a provision dismissing the second, third, fourth, fifth, and eighth affirmative defenses asserted by the defendants Paul Savad and Elliot Leffel; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff commenced this action alleging, *inter alia*, that the offering plan for a condominium contained material misrepresentations with regard to real estate taxes and assessed valuations upon which he relied in purchasing a condo-

minium unit. As neither the plaintiff nor the defendants Paul Savad and Elliot Leffel established the absence of any material issue of fact, the Supreme Court properly denied that branch of the plaintiff's motion which sought partial summary judgment on his first cause of action and that branch of the cross motion which sought summary judgment dismissing the complaint insofar as asserted against Savad and Leffel (*see, Zuckerman v City of New York,* 49 NY2d 557).

The plaintiff, however, established his entitlement to summary judgment dismissing the first and second counterclaims interposed by Savad and Leffel, which allege, *inter alia,* that this action is frivolous and which seek the imposition of a sanction pursuant to 22 NYCRR 130-1.1. Moreover, the sixth and seventh affirmative defenses, which make allegations similar to those in the first and second counterclaims, must also be dismissed. This action is not completely without merit, nor is there evidence that it was commenced to harass or maliciously injure Savad and Leffel (*see,* 22 NYCRR 130-1.1 [c] [1], [2]).

In addition, upon searching the record as the plaintiff requests, we grant summary judgment in his favor dismissing the second, third, fourth, fifth, and eighth affirmative defenses asserted by Savad and Leffel in their answer to the third amended complaint. As to the second, third, fourth, and fifth affirmative defenses, we have already determined on a prior appeal that the complaint sufficiently states a cause of action (*see, Zanani v Savad,* 217 AD2d 696). We also determined on another prior appeal that Savad and Leffel can be held personally liable and dismissed their affirmative defense which alleged that they were acting in their capacities as officers of the corporate defendants (*see, Zanani v Savad,* 228 AD2d 584). After the determination of that appeal, Savad and Leffel served their answer to the third amended complaint and reasserted, as an eighth affirmative defense, the previously dismissed defense. Consequently, the eighth affirmative defense must be dismissed as well.

The plaintiff's request for sanctions is denied. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.