■ DAVID RAMOS, Appellant, v PATRICIA A. CILLUFFO et al., Respondents. [714 NYS2d 88] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 25, 1999, which granted the defendants' motion for summary judgment dismissing the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

In August 1997 the plaintiff commenced the instant medical malpractice action against the defendants with respect to treatment rendered to him at Mid-Island Hospital in 1991. In response to the defendants' motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations (*see,* CPLR 214-a), the plaintiff claimed that the instant action related back to a separate medical malpractice action against Mid-Island Hospital, which was timely commenced in 1993. The Supreme Court granted the defendants' motion. We affirm.

Because the Statute of Limitations for medical malpractice actions is 2½ years (CPLR 214-a), it is clear that the instant action is untimely unless the relation-back doctrine applies. Once the defendants established that the Statute of Limitations had run, the burden shifted to the plaintiff to establish

the applicability of the relation-back doctrine (*see, Austin v Interfaith Med. Ctr.,* 264 AD2d 702; *Moller v Taliuaga,* 255 AD2d 563).

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal,* 87 NY2d 173, 177; *see, Poulard v Papamihlopoulos,* 254 AD2d 266). To establish the applicability of the relation-back doctrine, "a plaintiff is required to prove that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr., supra,* at 703; *see, Buran v Coupal, supra*; *Moller v Taliuaga, supra*). Here, the record demonstrates that the plaintiff was aware of the defendants' potential liability and "intentionally decide[d] not to assert a claim against" them (*Buran v Coupal, supra,* at 181). His failure to commence a timely action was not a mistake (*see, Buran v Coupal, supra*). Rather, it was a tactical decision, and therefore, the Supreme Court properly dismissed the instant action as time-barred (*see, Leylegian v Federal Paper Bd. Co.,* 251 AD2d 60). Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.