■ HARVEY A. STRICKON et al., Respondents-Appellants, v RONALD S. ORNSTEIN, Also Known as R. SCOTT ORNSTEIN, Appellant-Respondent. [715 NYS2d 329] —In an action to recover damages for breach of contract and fraud, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated July 30, 1999, as amended September 16, 1999, as denied that branch of his motion which was for summary judgment dismissing the cause of action alleging breach of contract, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging breach of contract and substituting therefor provisions granting the defendant's motion in its entirety,

dismissing the complaint, and severing the defendant's counterclaims; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The parties entered into an oral contract whereby the defendant was to oversee the renovation of the plaintiffs' home to resemble the defendant's home. The plaintiffs were unable to articulate the particulars of the contract, other than the agreed-upon fee and the completion date. In a motion for summary judgment, the defendant correctly asserted that because the contract was oral, the Statute of Frauds protected him from liability for the performance of the contractors (*see,* General Obligations Law § 5-701 [a] [2]). The plaintiffs failed to rebut the defendant's prima facie showing by admissible evidence and the motion should therefore have been granted insofar as it related to the cause of action alleging breach of contract (*see, Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' contentions are without merit (*see, e.g., Eades v Ogura,* 185 AD2d 266; *cf., Zanani v Savad,* 217 AD2d 696). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.