■ Steven Leszczynski, Appellant, v Kelly & McGlynn et al., Defendants, and Patricia Drago, Respondent. [722 NYS2d 254] —In an action to recover damages for employment discrimination, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated April 4, 2000, as denied that branch of his motion which was to amend his complaint to add Patricia Drago as a defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in 1995 alleging, *inter alia,* employment discrimination in violation of the State Human Rights Law (Executive Law art 15). In 1999 he moved to amend the complaint to add United States Fire Insurance Company (hereinafter U.S. Fire) and Patricia Drago, a vice president of U.S. Fire, as defendants. U.S. Fire did not dispute

that it was a proper defendant. The Supreme Court granted that branch of the plaintiff's motion which was for leave to add a cause of action against U.S. Fire and the original defendants based on the plaintiff's claim that the defendants retaliated against him for bringing a discrimination complaint. However, the Supreme Court denied that branch of the plaintiff's motion which was for leave to add Drago as a defendant and to assert causes of action against her to recover damages for retaliation and fraud.

A determination whether to grant leave to amend a pleading is left to the sound discretion of the Supreme Court, and its determination should not be lightly set aside (see, Sidor v Zuhoski, 257 AD2d 564). Although ordinarily leave to amend a complaint should be freely given absent prejudice or surprise resulting from the delay (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957; Hilltop Nyack Corp. v TRMI Holdings, 275 AD2d 440; CPLR 3025 [b]), leave should be denied if the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (see, Tarantini v Russo Realty Corp., 273 AD2d 458).

The plaintiff's proposed fraud cause of action against Drago is palpably insufficient, as it is based on a letter written by Drago which was nothing more than "a representation of opinion or a prediction of something which is hoped or expected to occur in the future" (Zanani v Savad, 217 AD2d 696, 697; see also, Chase Invs. v Kent, 256 AD2d 298). As the plaintiff failed to make the requisite evidentiary showing that the proposed amendment has merit (see, Heckler Elec. Co. v Matrix Exhibits-N. Y., 278 AD2d 279), the Supreme Court properly denied leave to amend the complaint to add a fraud cause of action against Drago.

The proposed cause of action against Drago based on allegations of retaliation is barred by the three-year Statute of Limitations (see, CPLR 214 [2]; Karczewski v Sharpe, 260 AD2d 606). Therefore, the burden was on the plaintiff to show that the claim related back to the date the complaint was filed against the original defendants (see, Buran v Coupal, 87 NY2d 173; Ramos v Cilluffo, 276 AD2d 475; CPLR 203 [c]).

We agree with the Supreme Court that the plaintiff failed to establish that Drago knew or should have known that the action would have been brought against her as well but for a mistake by the plaintiff as to her identity as a potential defendant (see, Ramos v Cilluffo, supra; Somer & Wand v Rotondi, 251 AD2d 567; Leylegian v Federal Paper Bd. Co., 251 AD2d 60; see generally, Buran v Coupal, supra). Accordingly, the

relation-back doctrine is inapplicable, and the Supreme Court properly denied that branch of the plaintiff's motion which was to add Drago as a party to assert a cause of action to recover damages for retaliation against her. O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.