■ GLENN R. HALSEY, JR., as Trustee of the EDNA W. HAL-
SEY TRUST, Respondent-Appellant, v JAMES CONNOR, Appellant-
Respondent. [731 NYS2d 760] —In an action to recover damages
for breach of a construction contract, the defendant appeals, as
limited by his brief, from so much of a judgment of the Supreme
Court, Suffolk County (Klein, J.), entered June 23, 2000, as, af-
ter a nonjury trial, is in favor of the plaintiff and against him
in the principal sum of $30,200, and the plaintiff cross-appeals
from so much of the same judgment as failed to award him
prejudgment interest.

Ordered that the judgment is reversed insofar as appealed
and cross-appealed from, on the law, without costs or disburse-
ments, and a new trial is ordered on the issue of damages
which are to be calculated as of September 28, 1996, the date
of the breach of contract, including an award of prejudgment
interest in accordance herewith; the findings as to liability are
affirmed.

Pursuant to a contract dated August 18, 1995, the defendant
agreed to provide renovation work to a residence owned by
Edna Halsey. The installation of the hardwood flooring was
performed by a subcontractor in March 1996 and was completed
on September 28, 1996. The plaintiff subsequently noticed
excessive gaps between the planks of the hardwood flooring
and commenced this action for breach of contract. After a non-
jury trial, the Supreme Court credited the testimony of the
plaintiff's witnesses and rejected the testimony and arguments
offered by the defendant, finding that the installation of the
hardwood floor did not meet the requirements of the contract
and had to be replaced. The Supreme Court also determined
that the plaintiff's expert testimony as to the amount of dam-
ages was uncontroverted. A judgment was entered in favor of
the plaintiff and against the defendant in the principal sum of
$30,200. The Supreme Court denied the plaintiff's application
for an award of prejudgment interest on the ground that he
failed to definitively establish the date of accrual of the cause
of action.

The proper measure of damages is the cost to replace the
defective flooring as of September 28, 1996, the date the cause
of action accrued (see, Brushton-Moira Cent. School Dist. v
Thomas Assocs., 91 NY2d 256). The damages were improperly
measured as of the date of the trial or the date that the
plaintiff's expert inspected the residence. In addition, the
Supreme Court erred in denying the plaintiff's application for
an award of prejudgment interest pursuant to CPLR 5001. Ac-
cordingly, a new trial is ordered to recalculate damages as of

September 28, 1996, and to include an award of prejudgment interest in accordance herewith.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.