■ DANIEL FONTANA et al., Appellants-Respondents, v CHAMPION MORTGAGE CO., INC., Respondent-Appellant. [819 NYS2d 472]—

In a putative class action, inter alia, alleging violation of Real Property Law § 274-a, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated February 1, 2005, which denied their motion for leave to amend the complaint to add causes of action alleging breach of contract and violation of General Business Law § 349 (h), and the defendant cross-appeals from the same order.

Ordered that the cross appeal is dismissed on the ground that the defendant is not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The mortgage note at issue provides, in pertinent part, that, "[i]nterest will be charged on the unpaid principal until the full amount of the principal has been paid." According the language of that provision its "fair and reasonable meaning" (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555 [1982]; *see Albanese v Consolidated Rail Corp.,* 245 AD2d 475, 476 [1997]), the

defendant's calculation of interest properly included the date it received the payoff check, and thus the defendant did not breach the terms of the mortgage note. Accordingly, the proposed breach of contract cause of action was "palpably insufficient as a matter of law" (*Leszczynski v Kelly & McGlynn,* 281 AD2d 519, 520 [2001]; *see Gannett Suburban Newspapers v El-Kam Realty Co.,* 306 AD2d 314 [2003]). Further, because the bank's interest calculation conformed to the terms of the mortgage note, the proposed cause of action alleging a violation of General Business Law § 349 was also devoid of merit (*see Randazzo v Gerber Life Ins. Co.,* 3 AD3d 485 [2004]; *Leszczynski v Kelly & McGlynn, supra*).

In light of our determination, we do not reach the parties' remaining contentions. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.