■ MATTHEW J. MCGUCKIN, JR., Appellant, v SNAPPLE DISTRIBUTORS, INC., et al., Respondents. [837 NYS2d 576]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 12, 2006, which granted the defendants' motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

Pursuant to a contract, the plaintiff markets, sells, and distributes beverage products for the defendant Snapple Distributors, Inc. (hereinafter Snapple), to retail outlets in a specifically designated geographic area of Manhattan. He commenced this action after Snapple and the defendant Snapple Beverage Corp., entered into agreements with the New York City Department of Education to directly sell their products to public schools, and with the New York City Marketing Development Corporation to directly sell their products to municipal entities.

The plaintiff failed to raise a triable issue of fact in response to the defendants' establishment of their entitlement to judgment as a matter of law that the contract unambiguously allowed Snapple to market, sell, and distribute products to institutional accounts such as public schools and municipal entities. The contract should be enforced according to its plain meaning (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Malleolo v Malleolo*, 287 AD2d 603 [2001]; *Albanese v Consolidated Rail Corp.*, 245 AD2d 475 [1997]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.