■ ULTRA FLEX PACKAGING CORP., Appellant, v I.J. LITWAK REALTY LIMITED PARTNERSHIP, Respondent. [848 NYS2d 880]—

In an action, inter alia, for a judgment declaring the parties' rights under a commercial lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated April 7, 2006, which granted the defendant's motion for summary judgment declaring that it is required to reimburse the defendant for the payment of insurance premiums, and for summary judgment on the issue of liability on the defendant's counterclaim for an award of an attorney's fee, and denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, (1) by adding a provision thereto directing that reimbursement to the defendant shall be offset by the amount the plaintiff paid in premiums attributable to coverage for the defendant, and (2) by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment on the issue of liability on its counterclaim for an award of an attorney's fee and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant established its prima facie entitlement to summary judgment declaring that the plaintiff is required to reimburse it for the payment of insurance premiums based upon the terms of the parties' lease, which clearly and unambiguously established the defendant's right to procure insurance and bill the plaintiff for the premiums (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *McGuckin v Snapple Distribs., Inc.,* 41 AD3d 795 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact by submitting extrinsic evidence that it was the parties' practice, during part of the lease term, for the plaintiff to obtain its own insurance. Extrinsic evidence is inadmissible to add to or vary an agreement which is unambigu-

ous (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d at 162). However, as conceded by the defendant's attorney at the oral argument of this appeal, the plaintiff is entitled to a setoff for the amount it paid for premiums attributable to coverage for the defendant.

Under the circumstance of this case, neither the plaintiff nor the defendant is entitled to an award of an attorney's fee. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.