■ HAMID KHAN, Appellant, v KAIETEUR CONSTRUCTION, INC., et al., Respondents. [991 NYS2d 349]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Yablon, Ct. Atty. Ref.), entered September 4, 2012, which, upon a decision of the same court dated July 13, 2012, made after a nonjury trial, is in favor of the defendants and against him dismissing the complaint, awarding the defendants the principal sum of $47,000 on their counterclaim to recover damages for breach of contract, and declaring that the defendants' lien on the subject real property in the sum of $47,000 is valid.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629 [2007]).

Here, the Supreme Court's determination that the plaintiff failed to meet his burden of establishing his causes of action alleging breach of contract and fraud is warranted by the facts, and we find no reason to disturb it (*see Tornheim v Kohn*, 31 AD3d 748 [2006]; *Zanani v Savad*, 217 AD2d 696, 697 [1995]).

Moreover, the Supreme Court properly determined that the defendants were entitled to recover damages from the plaintiff on their counterclaim alleging breach of contract. The defendants showed, by a preponderance of the credible evidence, that the plaintiff breached his contract with the defendants in failing to pay the balance due thereon (*see Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc.*, 96 AD3d 725, 726 [2012]; *cf. Cohn v Titan Drilling Corp.*, 79 AD3d 925, 926 [2010]). In addition, the Supreme Court's determination that the defendants had a valid lien on the plaintiff's interest in certain real property is warranted by the facts, and we find no reason to disturb it.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.