TODD ROTWEIN, D.P.M., P.C., Appellant, v NADER ENTER-PRISES, LLC, et al., Respondents. [1 NYS3d 826]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered October 22, 2012, as, upon a decision of the same court dated August 14, 2012, made after a nonjury trial, dismissed its claim for lost profits.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"Upon review of a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses" (*34-35th Corp. v 1-10 Indus. Assoc., LLC*, 103 AD3d 709, 710 [2013]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Khan v Kaieteur Constr., Inc.*, 120 AD3d 770, 770 [2014]).

"Lost profits may be recoverable for breach of a contract if it is demonstrated with certainty that such damages have been caused by the breach, and the alleged loss is capable of proof with reasonable certainty. There also must be a showing that the particular damages were fairly within the contemplation of the parties to the contract at the time the contract was made" (*Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P.*, 88 AD3d 838, 839, 840 [2011]; *see American List Corp. v U.S. News & World Report*, 75 NY2d 38, 43 [1989]; *Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]; *Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 97 AD3d 716, 717-718 [2012]). While a plaintiff need not prove that its damages resulted "*solely* from [the defendant's] breach of contract, to the exclusion of all other factors," it must, at least, prove that the breach "contributed in a substantial measure to its damages" (*Haven Assoc. v Donro Realty Corp.*, 121 AD2d 504, 508 [1986]).

Here, the Supreme Court's determination that the plaintiff failed to meet its burden of demonstrating with reasonable certainty that the defendants' breach caused the plaintiff's decline in profits is warranted by the facts, and we find no rea-

son to disturb it. Skelos, J.P., Roman, Cohen and LaSalle, JJ., concur.