■ EUROPAL HOME IMPROVEMENT CORP., Respondent, v SHAN GIUSHUDDIN, Appellant. [7 NYS3d 901]—In an action, inter alia,

to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered June 3, 2014, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $53,300.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff the principal sum of $53,300, and substituting therefor a provision awarding the plaintiff the principal sum of $33,300; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The parties entered into a contract for the performance of renovation and improvements at the defendant's home in Roslyn Heights. The plaintiff subsequently commenced this action alleging, inter alia, that the defendant had breached the contract by failing to pay the balance due on the contract. After trial, the jury returned a verdict in favor of the plaintiff, finding that the defendant had breached the contract and awarding the plaintiff damages in the principal sum of $53,300.

Contrary to the defendant's contention, there was a valid line of reasoning and permissible inferences by which the jury could have rationally concluded that the defendant had breached the contract (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Guan Tou Mkt., Inc. v 373 Wythe Ave. Realty, Inc.*, 111 AD3d 667, 668-669 [2013]; *Zorm Trans Corp. v Woodside Mgt., Inc.*, 110 AD3d 1061, 1062 [2013]). Moreover, upon our review of the record, the verdict was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (*see Guan Tou Mkt., Inc. v 373 Wythe Ave. Realty, Inc.*, 111 AD3d at 669).

However, the plaintiff's proof was insufficient to establish that he sustained damages for lost business opportunities and profits in the principal sum of $20,000 (*see Todd Rotwein, D.P.M., P.C. v Nader Enters., LLC*, 125 AD3d 844 [2015]; *Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P.*, 88 AD3d 838, 839-840 [2011]). Accordingly, we modify the judgment by reducing the principal sum awarded to the plaintiff from $53,300 to $33,300. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.