■ KISSM REALTY CORP., Respondent, v BROOKLYN COMMUNITY MANAGEMENT, LLC, Appellant, et al., Defendant. [13 NYS3d 437]—In an action to recover damages for breach of contract, the defendant Brooklyn Community Management, LLC, appeals from (1) a judgment of the Supreme Court, Kings County (Allman, Ct. Atty. Ref.), dated March 13, 2013, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $111,796.15, and (2) a money judgment of the same court dated September 3, 2013, which is in favor of the plaintiff and against it in the principal sum of $100,353.00.

Ordered that the judgment is affirmed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The record is inadequate to enable this Court to review the issues raised by the defendant Brooklyn Community Management, LLC (hereinafter the LLC), with respect to an order of the Supreme Court dated July 13, 2011, which granted the plaintiff's motion to amend the complaint, as none of the motion papers which resulted in that order are contained therein (*see Matter of Lynch*, 98 AD3d 510, 511 [2012]; *Block 6222 Constr. Corp. v Sobhani*, 84 AD3d 1292 [2011]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]). In addition, this Court cannot review an order dated November 3, 2011, which denied the motion of that defendant for leave to reargue (*see Bank of N.Y. v Segui*, 120 AD3d 1369, 1370 [2014]; *Bradley v Earl*, 112 AD2d 262, 263 [1985]).

" 'Upon review of a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses' " (*Todd Rotwein, D.P.M., P.C. v Nader Enters., LLC*, 125 AD3d 844, 844 [2015], quoting *34-35th Corp. v 1-10 Indus. Assoc., LLC*, 103 AD3d 709, 710 [2013]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Khan v Kaieteur Constr., Inc.*, 120 AD3d 770, 770 [2014]). Where, as here, the court's findings of fact " 'rest in large measure on considerations relating to the credibility of witnesses,' deference is owed to the trial court's credibility determinations" (*Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 867, 868 [2011] [citation omitted], quoting *Anderson v Mastrangelo*, 18 AD3d 677, 677 [2005]). Contrary to the contention of the LLC, the facts warranted the Supreme Court's determination that, at the time that the plaintiff and the LLC entered into a certain lease dated January 1, 2007, there were no tenants other than the LCC in possession of the subject property, and we find no reason to disturb it.

The Supreme Court properly awarded the plaintiff a reasonable attorney's fee pursuant to the terms of the two leases breached by the LLC (*see Miller Realty Assoc. v Amendola*, 51 AD3d 987, 989-990 [2008]). Contrary to the LLC's contention, under the circumstances of this case, we do not perceive the failure of the plaintiff's attorney to initially disclose the existence of a retainer agreement as a reason to deny the award (*see Lefkowitz v Van Ess*, 166 AD2d 556 [1990]).

The contention of the LLC with regard to its counterclaim alleging wrongful eviction is improperly raised for the first time on appeal. The LLC's remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.