Crippen v Adamao (2018 NY Slip Op 07287)





Crippen v Adamao


2018 NY Slip Op 07287


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-08243
 (Index No. 9543/10)

[*1]Janice Crippen, respondent-appellant, 
v
M. Adamao, et al., appellants-respondents.


Thomas D. Czik, Roslyn, NY, for appellants-respondents.
Victor M. Serby, Woodmere, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered June 24, 2016. The judgment, insofar as appealed from, upon a jury verdict, and upon an order of the same court dated April 15, 2016, granting that branch of the plaintiff's posttrial motion which was for a statutory penalty in the sum of $500 pursuant to General Business Law § 772, and granting that branch of the plaintiff's posttrial motion which was for an award of statutory counsel fees pursuant to General Business Law § 772 to the extent of awarding her statutory counsel fees in the sum of $56,141.58, is in favor of the plaintiff and against the defendants in the principal sums of $9,358.96 for breach of contract, $17,730 as restitution damages pursuant to General Business Law § 772, $100,000 in punitive damages, $500 as a statutory penalty pursuant to General Business Law § 772, and $56,141.58 in statutory counsel fees pursuant to General Business Law § 772. The judgment, insofar as cross-appealed from, awarded the plaintiff statutory counsel fees in the principal sum of only $56,141.58.
ORDERED that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding the plaintiff the sums of $9,358.96 for breach of contract, $17,730 as restitution damages pursuant to General Business Law § 772, $100,000 in punitive damages, and $56,141.58 in statutory counsel fees pursuant to General Business Law § 772; as so modified, the judgment is affirmed insofar as appealed from, so much of the order dated April 15, 2016, as granted that branch of the plaintiff's posttrial motion which was for an award of statutory counsel fees pursuant to General Business Law § 772 to the extent of awarding her statutory counsel fees in the sum of $56,141.58 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's posttrial motion which was for an award of statutory counsel fees pursuant to General Business Law § 772 in light of our determination, and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In December 2006, the plaintiff entered into a written home improvement contract [*2]with the defendant Matthew L. Adamo, a home improvement contractor doing business as the defendant M. Adamo - Designs, Renovations & Construction, incorrectly sued herein as M. Adamao, in which the defendants agreed, among other things, to renovate a bathroom in the plaintiff's home. Pursuant to the terms of the contract, the plaintiff made installment payments to the defendants as the work progressed. However, a dispute arose over the quality and manner of the work performed, and the defendants ultimately ceased work on the project. Although the contract stated that the defendants were licensed to perform home improvement work, the plaintiff subsequently discovered that the defendants' home improvement license was suspended when the contract was executed. The plaintiff commenced this action against the defendants alleging, inter alia, breach of contract based on defective construction and violation of General Business Law § 772 for fraudulently inducing the plaintiff to enter into the home improvement contract premised upon the false representation in the contract that the defendants held a valid home improvement license. After a trial, the jury awarded the plaintiff the sums of $9,358.96 for breach of contract, $17,730 as restitution damages pursuant to General Business Law § 772, and $100,000 in punitive damages. The plaintiff then made a posttrial motion for an award of a statutory penalty in the sum of $500 pursuant to General Business Law § 772, and an award of statutory counsel fees pursuant to General Business Law § 772. In an order dated April 15, 2016, the Supreme Court granted that branch of the plaintiff's posttrial motion which was for an award of a statutory penalty in the sum of $500, and granted that branch of the motion which was for an award of statutory counsel fees pursuant to General Business Law § 772 to the extent of awarding the plaintiff statutory counsel fees in the sum of $56,141.58. The defendants appeal, and the plaintiff cross-appeals, from the judgment entered upon the jury verdict and the order.
Contrary to the defendants' contention, there was a valid line of reasoning and permissible inferences by which the jury could have rationally concluded that the defendants breached the subject home improvement contract (see Cohen v Hallmark Cards, 45 NY2d 493, 499; Europal Home Improvement Corp. v Giushuddin, 127 AD3d 1014, 1015). Moreover, upon our independent review of the record, the verdict finding that the defendants breached the contract was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (see Guan Tou Mkt., Inc. v 373 Wythe Ave. Realty, Inc., 111 AD3d 667, 669; Europal Home Improvement Corp. v Giushuddin, 127 AD3d at 1015).
However, we agree with the defendants' contention that the plaintiff failed to meet her burden of proving damages for breach of contract. The appropriate measure of damages for breach of a home improvement contract by the contractor for defective construction is the cost to repair the defects (see Marino v Lewis, 17 AD3d 325; Route 7 Mobil v Machnick Bldrs., 296 AD2d 809), as of the date the cause of action accrued (see Halsey v Connor, 287 AD2d 597). Here, the plaintiff did not proffer competent evidence to establish her costs to repair the defendants' defective work as of the date the cause of action accrued (see Haber v Gutmann, 64 AD3d 1106; Peak v Northway Travel Trailers, Inc., 27 AD3d 927). Accordingly, the damages award in the sum of $9,358.96 for breach of contract must be set aside.
We also agree with the defendants that the jury improperly awarded the sum of $17,730 as restitution damages pursuant to General Business Law § 772, representing the total sum paid by the plaintiff under the home improvement contract before the defendants abandoned the project, since restitution damages are not provided for under that statute (see General Business Law § 772; Senate Introducer's Mem in Support, Bill Jacket, L 1987, ch 421).
Further, we agree with the defendants that the plaintiff is not entitled to recover punitive damages. Although the jury found that the defendants were liable for breach of contract, the plaintiff failed to establish that the defendants' conduct was egregious, directed toward the plaintiff, and part of a pattern directed at the public (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613). Moreover, to the extent that the plaintiff's case rested on allegations of fraud, she failed to establish that the defendants' conduct was so gross, wanton, or willful, or of such high moral culpability, as to justify an award of punitive damages (see Borkowski v Borkowski, 39 NY2d 982, 983; Schneer v Bellantoni, 250 AD2d 666).
We agree with the Supreme Court's determination to grant that branch of the plaintiff's posttrial motion which was for a statutory penalty in the sum of $500 pursuant to General Business Law § 772.
In view of our determination, the award of statutory counsel fees pursuant to General Business Law § 772 must also be set aside and the matter remitted to the Supreme Court for a new determination of statutory counsel fees.
The plaintiff's cross appeal has been rendered academic in light of our determination on the appeal.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court