■ ROBERT ROMANCHUK, an Infant, by His Guardian ad Litem, JOSEPH ROMANCHUK, et al., Appellants, v. COUNTY OF WESTCHESTER et al., Respondents. — In a negligence action to recover damages for personal injuries and loss of services, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered May 27, 1968, in favor of defendants, upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. The infant plaintiff sustained severe head injuries as the result of an accident which occurred while he was sleigh riding in a park owned and maintained by the defendant County of Westchester. The testimony of the parties' witnesses as to the nature of the accident was sharply conflicting, plaintiffs' witnesses testifying that the boy was hit by a county-owned pick-up truck and defendants' witnesses testifying that there was no contact between the boy and the truck and that the sled overturned of its own accord. In our opinion, the trial court erred in submitting the issue of contributory negligence of the infant plaintiff to the jury. The infant, then several days short of his fifth birthday, was sleigh riding in an area of the park where such activities were permitted, under the direct supervision and control of his father. His father apparently placed him on the sled, which proceeded to coast down a slope in a straight line. Under such circumstances the infant must be deemed, as a matter of law, to have been free of contributory negligence (*Ehrlich* v. *Marra*, 32 A D 2d 638). Although no exception was taken to the charge, a new trial should be granted in the interests of justice. We are further of the opinion that it was error to exclude the history portions of the hospital admission records which indicated that the infant had been struck by a moving vehicle. Under the circumstances of this case this evidence had virtually no probative value on the issue of the manner in which the accident occurred and defendants would have been entitled to a limiting charge to that effect. However, the evidence should have been admitted for the purpose of rebutting defendants' implication that the plaintiff father's version of the accident was a recent fabrication. While there is a question as to whether the plaintiff father had a motivation at the time of the child's admission to the hospital to falsify the facts, defense counsel chose to examine the father as a witness on that very point. As a result, we believe that plaintiffs thereby acquired the right to introduce the evidence to bolster the father's testimony. As evidenced by the jury's request to examine the hospital admission records during their deliberations,

this was a pivotal point in the case. Hopkins, Acting P. J., Martuscello, Latham and Benjamin, JJ., concur; Brennan, J., not voting.