■ ROBERT ROMEO, Plaintiff, v ANITA ARRIGO, as Executor of ANTHONY ARRIGO, Deceased, Defendant and Third-Party Plaintiff-Appellant. RVJ CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents. [678 NYS2d 115] —In an action to recover damages for architectural malpractice, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated September 1, 1997, which granted the motion of the third-party defendants for leave to serve an amended answer interposing various counterclaims.

Ordered that the order is reversed, with costs, and the motion is denied.

It is well settled that leave to amend a pleading should be freely given (see, CPLR 3025 [b]), that the decision whether to grant such leave is generally left to the sound discretion of the trial court (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Kramer & Sons v Facilities Dev. Corp., 135 AD2d 942; Fulford v Baker Perkins, Inc., 100 AD2d 861), and that the court's determination will not be lightly set aside (see, Beuschel v Malm, 114 AD2d 569). In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether the amendment is meritorious, and whether a reasonable excuse for the delay was offered (see, Caruso v Anpro, Ltd., 215 AD2d 713; Moeller v Astor Chocolate Corp., 214 AD2d 548; Pellegrino v New York City Tr. Auth., 177 AD2d 554, 557).

In the instant case, it was an improvident exercise of discretion to grant the third-party defendants' motion for leave to amend their answer. The third-party defendants failed to proffer any reasonable excuse for their two-year delay in seeking leave to amend their answer despite the fact that they had been aware of all the essential facts during that period. More importantly, the third-party defendants failed to produce even a scintilla of evidence that there was any merit to their proposed amendments. O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.