■ In the Matter of GROUP FOR THE SOUTH FORK, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF SOUTHAMPTON et al., Respondents. [729 NYS2d 148] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to annul Resolution No. 82 of the Town Board of the Town of Southampton, and an action for a judgment declaring Resolution No. 82 void and to enjoin its enforcement, the petitioners appeal from (1) an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 3, 2000, which denied their motion for leave to serve a supplemental petition pursuant to CPLR 3025 (b), and (2) a judgment of the same court, dated April 5, 2000, which dismissed the proceeding.

Ordered that the appeal from the order dated March 3, 2000, is dismissed; and it is further,

Ordered that the judgment is modified by adding a provision thereto declaring that Resolution No. 82 of the Town Board of the Town of Southampton is valid; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The petitioners commenced this hybrid proceeding to annul Resolution No. 82 adopted by the respondent Town Board of the Town of Southampton (hereinafter the Town Board) on January 14, 1997, which changed the zoning of a parcel of land from residential to quasi-public service use district (hereinafter QPSUD), subject to site plan approval, upon the application of the owner, the respondent Bridgehampton Road Races Corporation (hereinafter BRRC). Resolution No. 82 was enacted following a review pursuant to the State Environmental Quality Review Act (hereinafter SEQRA) of BRRC's proposal to construct a golf course and 20 residences on land which was formerly operated as a race track and was classified as a nonconforming use in a residential district. The resolution required BRRC to, *inter alia,* submit a site plan and subdivision application to the respondent Planning Board of the Town of Southampton (hereinafter the Planning Board) and provided that no construction or land clearing was to take place until the site plan was approved. The rezoning of the property was subject to certain other conditions, including the execution of a golf course monitoring agreement (hereinafter GMA) by the BRRC, the Suffolk County Water Authority, and the Town Board before the site plan was approved.

The petitioners, a non-profit environmental group and several of its members, commenced this proceeding in May 1997, seeking to annul the rezoning on the grounds, *inter alia,* that it violated the Town's master plan and that the Town Board failed to take the requisite "hard look" required by SEQRA. On July 8, 1997, the Town Board enacted Local Law No. 25, which rezoned the subject property to a QPSUD, subject to site plan approval, based on the SEQRA findings in Resolution No. 82, and imposed certain conditions, including the GMA.

Shortly after Local Law No. 25 was enacted, the petitioners sought, by letter to the court, to amend the petition to include allegations regarding Local Law No. 25, but the respondents did not consent to an amendment by that informal procedure. The petition was not amended and, in December 1998, the respondents moved to dismiss the petition on the ground that the enactment of Local Law No. 25 rendered it academic. While the respondents' motion was pending, a GMA was approved by the Town Board and, on April 15, 1999, the Planning Board approved BRRC's site plan.

By motion dated April 29, 1999, the petitioners moved to supplement their petition by adding causes of action concerning Local Law No. 25 and the approval of the site plan. The Supreme Court denied the petitioners' motion to supplement the petition and granted the respondents' motion to dismiss the petition.

The Supreme Court properly dismissed the petition as Local Law No. 25 superseded Resolution No. 82 (*see, Law Enforcement Officers Union v State of New York,* 229 AD2d 286; *Matter of New York State School Bds. Assn. v New York State Bd. of Regents,* 210 AD2d 654; *Flanders Assocs. v Town of Southampton,* 198 AD2d 328). The Supreme Court also properly denied the petitioners' motion for leave to amend the petition to challenge the validity of Local Law No. 25. A motion to amend a pleading is directed to the court's discretion and, in exercising its discretion, the court may consider how long the party seeking the amendment was aware of the facts on which the motion is based and whether a reasonable excuse for the delay was offered (*see, Slavet v Horton Mem. Hosp.,* 227 AD2d 465). Here, the petitioners were aware of the enactment of Local Law No. 25 in July 1997, and, in that same month, the respondents' attorney advised the court and the petitioners' counsel that the respondents viewed the enactment of the local law as rendering the petition academic. Yet the petitioners failed to move to amend their pleadings for two years, during which time they participated in hearings on the proposed site plan before the Planning Board, the Town Board ordered additional studies on the effect of BRRC's project on the area's groundwater at the petitioners' request, and the GMA and site plan were approved. Under the circumstances, the petitioners' delay in seeking this amendment was prejudicial to the respondents.

Furthermore, the Supreme Court providently exercised its discretion in denying the petitioners' motion to amend their petition to include claims related to the Planning Board's approval of the site plan in April 1999. The Planning Board's approval of the site plan was subject to review in a CPLR article 78 proceeding brought within 30 days of the determination (*see,* Town Law § 274-a [11]). We agree with the Supreme Court that since the petition was rendered academic by the enactment of Local Law No. 25, and the petition did not provide notice of the particular claims involving the site plan review process, the petitioners should have commenced a new proceeding to challenge the Planning Board's determination.

Finally, we note that BRRC was permitted by Local Law No.

25 to begin construction after the site plan was approved. Although the petitioners' motion to amend the petition was made in April 1999, the oral argument on the motion was not held until January 2000, and, due to post-argument submissions, the court did not rule on the motion until March 2000. The petitioners withdrew their motion for a stay following the site plan approval, and they did not request a stay pending appeal. Two years have now elapsed since the Planning Board's approval of the site plan, and this Court has been advised that construction of the golf course is substantially completed, although the subdivision portion of the project has not commenced. Under the circumstances, we are not inclined to substitute our discretion for that of the Supreme Court in the absence of a more persuasive showing by the petitioners that they should have been permitted to amend the petition.

The petitioners' remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have declared that Resolution No. 82 is valid (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.