■ WAYNE BOYD et al., Plaintiffs, v HERBERT TRENT et al., Defendants. (Action No. 1.) HERBERT TRENT et al., Respondents, v TOWN OF RIVERHEAD, Appellant, et al., Defendants. (Action No. 2.) [746 NYS2d 191]

This appeal arises from a 1989 head-on automobile collision in The Town of Riverhead, involving cars driven by Wayne Boyd and Paulette Trent (*see Trent v Town of Riverhead*, 247 AD2d 606). Shortly before impact, then two-year-old Dana Trent, and her then four-year-old sister Rachel Trent, extricated themselves from their rear-seat mounted child-car seats. The two children then made their way to the front passenger seat, where their mother, Paulette Trent, a defendant in both actions, permitted them to remain, unrestrained. The parties are in sharp disagreement as to whether the children distracted their mother, causing her to fail to negotiate a curve, resulting in the collision. Both children sustained severe personal injuries as a result of the accident. Also in controversy is the degree to which Riverhead was negligent, if at all, in the maintenance of the road at the accident site (*see Boyd v Trent*, 262 AD2d 260).

The Supreme Court correctly granted the motion of the plaintiffs in Action No. 2 (hereinafter collectively the plaintiffs) insofar as they sought to strike affirmative defenses to liability from the answer of Riverhead, alleging contributory negligence and/or the failure to wear seat belts insofar as against the infant plaintiffs. Pursuant to the unambiguous language of Vehicle and Traffic Law § 1229-c (8), the appellant is expressly precluded from seeking to defend against liability based upon the claim that the children were not strapped in their child-car seats at the time of the accident (*see Baker v Keller*, 241 AD2d 947). The appellant's reliance upon *Curry v Moser* (89 AD2d 1) is misplaced, as that case was decided before the enactment of Vehicle and Traffic Law § 1229-c (8).

Moreover, to the extent that Paulette Trent was allegedly negligent in failing to ensure that the children remained restrained in their car seats, her contributory negligence may not be imputed to the infant plaintiffs (*see* General Obligations Law § 3-111; *Thurel v Varghese*, 207 AD2d 220; *Kowalski v Mohsenin*, 38 AD2d 274, 277). The infant plaintiffs themselves, at ages four and two respectively, were non sui juris and incapable of being liable for negligence (*Verni v Johnson*, 295 NY 436; *Birkett v Knickerbocker Ice Co.*, 110 NY 504; *Romanchuk v*

*County of Westchester,* 40 AD2d 877; *Ehrlich v Marra,* 32 AD2d 638). Accordingly, since the relevant affirmative defenses are unavailable to defeat the infant plaintiffs' claims of liability, the Supreme Court correctly granted the motion to strike them from the defendants' answers. The defendants' remaining contentions on this issue are meritless.

The Supreme Court improvidently exercised its discretion, however, insofar as it granted the plaintiffs' motion to serve an amended complaint asserting exemptions from limitations on joint and several liability pursuant to CPLR 1602. To the extent that the plaintiffs sought to preclude Riverhead from apportioning liability with the codefendant joint tortfeasors, the proposed amendment would have been ineffective. CPLR 1601 was enacted "to remedy the inequities created by joint and several liability on low-fault deep pocket defendants * * * To that end, section 1601 modifies the common-law rule of joint and several liability by making a joint tortfeasor whose share of fault is 50% or less liable for the plaintiff's noneconomic loss only to the extent of that tortfeasor's share of the total noneconomic loss" (*Chianese v Meier,* 98 NY2d 270, 275 [internal quotation marks omitted]). CPLR 1602 (2) (iv) is a savings provision that ensures that a defendant is liable for the breach of a non-delegable duty, such as municipal road maintenance, to the same extent as its delegate or its employee. "However, nothing in CPLR 1602 (2) (iv) precludes a municipality * * * from seeking apportionment between itself and other tortfeasors for whose liability [it] is not answerable" (*Rangolan v County of Nassau,* 96 NY2d 42, 47 [internal quotation marks omitted]). Thus, the proposed amendment would not render Riverhead subject to full joint and several liability in the event, for example, its alleged negligence in connection with its non-delegable road maintenance duties was ultimately found to be less than 50% at fault in the happening of the accident. Since the proposed amendment is thus meritless as to Riverhead, it should not have been permitted.

Moreover, this case had been pending for nearly 10 years at the time the motion for leave to serve an amended complaint was made, and had been certified as trial ready. "Where * * * an action has long been certified as ready for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (*Clarkin v Staten Is. Univ. Hosp.,* 242 AD2d 552; *see Evans v Kringstein,* 193 AD2d 714; *Gallo v Aiello,* 139 AD2d 490; *Bertan v Richmond Mem. Hosp. & Health Ctr.,* 106 AD2d 362; *Perricone v City of New York,* 96 AD2d 531, *affd* 62 NY2d 661). In deciding whether to grant a

motion to serve an amended pleading in a long-pending case, "the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether the amendment is meritorious, and whether a reasonable excuse for the delay was offered" (*Romeo v Arrigo,* 254 AD2d 270; *see Matter of Group* for *S. Fork v Town Bd. of Town of Southampton,* 285 AD2d 506; *Sidor v Zuhoski,* 257 AD2d 564). Indeed, "where a party is guilty of extended delay in moving to amend, the court should insure that the amendment procedure is not abused by requiring a reasonable excuse for the delay and an affidavit of merit" (*Gallo v Aiello, supra* at 490-491; *see Danne v Otis El. Corp.,* 276 AD2d 581; *Reape v City of New York,* 272 AD2d 533; *Capalbo v Lederle Labs.,* 257 AD2d 556).

The plaintiffs offered no excuse for their inordinate 10-year delay, and they failed to explain why the amendment could not have been made at an earlier time (*see Capalbo v Lederle Labs., supra; Cross v Zyburo,* 247 AD2d 507; *Mohammed v City of New York,* 242 AD2d 321; *Clarkin v Staten Isl. Univ. Hosp., supra; Evans v Kringstein, supra*). Furthermore, they failed to support their motion with any evidence showing any merit to the proposed amendments. While it is true that the plaintiffs were not obligated to prove their case at the pleading stage, they were obligated to "make some evidentiary showing that a proposed amendment has merit" (*USA Nutritionals v Pharmalife, Inc.,* 293 AD2d 526; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519). The plaintiffs made no such showing. Accordingly, their motion for leave to serve an amended complaint should have been denied for these reasons as well.

The plaintiffs' remaining contentions on this issue are meritless. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.