Ridgewood Sav. Bank v Glickman (2021 NY Slip Op 04985)





Ridgewood Sav. Bank v Glickman


2021 NY Slip Op 04985


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-11354
 (Index No. 5812/14)

[*1]Ridgewood Savings Bank, respondent,
v
Mark Glickman, et al., appellants, et al., defendants.


Marc P. Gershman, Mineola, NY, for appellants.
Cullen and Dykman LLP, Garden City, NY (Marianne McCarthy and Cecilia Ehresman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Mark Glickman and Susan Glickman appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 12, 2018. The judgment of foreclosure and sale, upon an order of the same court entered May 12, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Mark Glickman and Susan Glickman, to strike those defendants' answer, and for an order of reference, and denying those defendants' cross motion for leave to amend their answer, and upon an order of the same court entered June 12, 2018, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On November 5, 2004, the defendants Mark Glickman and Susan Glickman (hereinafter together the defendants) executed a note in the sum of $600,000 in favor of The New York Mortgage Company, LLC (hereinafter NYMC), which was secured by a mortgage held by Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for NYMC, on certain property owned by the defendants. In May 2006, the defendants obtained a second mortgage loan in the sum of $41.25 from the plaintiff and entered into a consolidation, extension, and modification agreement (hereinafter the CEMA), pursuant to which the first and second notes and mortgages were consolidated into a single lien in the sum of $600,000. On August 18, 2006, MERS, as nominee for NYMC, executed a satisfaction of the first mortgage, which was filed with the Nassau County Clerk.
In June 2014, the plaintiff commenced this action against, among others, the defendants to foreclose the consolidated mortgage and to cancel and expunge the satisfaction of the first mortgage. The defendants interposed an answer raising various affirmative defenses, including lack of standing and the filing of the satisfaction of mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants cross-moved for leave to amend their answer. In an order entered May 12, 2017, the Supreme Court granted the plaintiff's motion [*2]and denied the defendants' cross motion. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order entered June 12, 2018, the court granted the plaintiff's motion. In a judgment of foreclosure and sale entered June 12, 2018, the court directed the sale of the subject property. The defendants appeal.
"Where, as here, 'the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v McEntee, 176 AD3d 1136, 1138). "A 'holder' is the 'person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (U.S. Bank N.A. v Baer, 179 AD3d 1130, 1132, quoting UCC 1-201[b][21][A]; see UCC 3-301).
Here, contrary to the defendants' contention, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it was in physical possession of the consolidated note, which was annexed to the complaint at the time the action was commenced (see Bank of N.Y. Mellon v Barkan, 190 AD3d 676; U.S. Bank N.A. v McEntee, 176 AD3d at 1138). The plaintiff was not required to prove its standing to enforce either the first note or the second note, since, by executing the CEMA, the defendants agreed that the consolidated note "will supersede all terms, covenants, and provisions of the [first and second] Notes," and agreed "to be bound by the terms set forth in the Consolidated Mortgage which will supersede all terms, covenants and provisions of the [first and second] Mortgages" (see Marchai Props., L.P. v Fu, 171 AD3d 722, 724). For the same reason, the issue of the allegedly erroneous satisfaction of the first mortgage is academic (see id. at 724). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference.
Furthermore, contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying their cross motion for leave to amend their answer to assert affirmative defenses based on the statute of limitations and laches. Pursuant to CPLR 3025(b), leave to amend or supplement a pleading is to be "freely given." Generally, "[l]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and any claimed delay in seeking the amendment does not prejudice or surprise the opposing party (American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc., 177 AD3d 836, 838). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (McIntosh v Ronit Realty, LLC, 181 AD3d 579, 580). Here, the defendants failed to offer any reasonable excuse for their delay of more than two years in seeking leave to amend their answer despite knowledge of the allegedly erroneous mortgage satisfaction since the commencement of the action, and the proposed affirmative defenses were patently devoid of merit (see generally Wells Fargo Bank, N.A. v Friedman, 189 AD3d 1667, 1668).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court