Shucht v Innovative Biodefense, Inc. (2023 NY Slip Op 03031)

Shucht v Innovative Biodefense, Inc.

2023 NY Slip Op 03031

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-09376
 (Index No. 32984/2014)

[*1]David Shucht, appellant, 
v
Innovative Biodefense, Inc., et. al., respondents.

Bernard Weinreb, Spring Valley, NY, for appellant.
Adam K. Kurland, New City, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), entered July 2, 2019. The order denied the plaintiff's motion, inter alia, for leave to renew his opposition to that branch of the defendants' prior motion which was to compel arbitration, which had been granted in a prior of the same court dated December 8, 2014.
ORDERED that the order entered July 2, 2019, is affirmed, with costs.
The defendant Innovative Biodefense, Inc. (hereinafter IBD), purchased the assets of the plaintiff's company relating to the manufacture and sale of hand sanitizers. From approximately September 2011 through July 2014, the plaintiff worked for IBD pursuant to the terms of a contract entitled "Consulting Agreement," which described the plaintiff as an independent contractor. The Consulting Agreement contained a provision by which the parties agreed to resolve disputes through arbitration.
In July 2014, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that IBD and its officers, the defendants Colette Cozean and Gary Klein, failed to pay him pursuant to the Consulting Agreement. By order dated December 8, 2014, the Supreme Court, among other things, granted that branch of the defendants' motion which was to compel arbitration of the breach of contract cause of action, and the matter proceeded to arbitration. The arbitration proceeding was suspended in August 2017 for nonpayment of fees.
In December 2018, the plaintiff moved for leave to renew his opposition to that branch of the defendants' prior motion which was to compel arbitration of the breach of contract cause of action, to stay the arbitration, and for leave to amend the complaint, inter alia, to add causes of action to recover damages for violations of the Labor Law and for reimbursement of arbitration fees. The Supreme Court denied the motion. The plaintiff appeals.
Contrary to the Supreme Court's determination, the plaintiff's motion was properly denominated a motion for leave to renew (see CPLR 2221[e]). Regardless, the motion was properly denied. The plaintiff's lengthy delay of four years in making the motion warrants denial of the motion on the ground of laches (see Arias-Paulino v Academy Bus Tours, Inc., 48 AD3d 350). The [*2]defendants were prejudiced by the lapse of time in that they proceeded with, and paid for, the arbitration of the dispute (see White v Priester, 78 AD3d 1169).
Moreover, the plaintiff failed to demonstrate that a November 2016 determination of the Internal Revenue Service, finding that the plaintiff was an employee of IBD for federal employment tax purposes, would have changed the prior determination, made in the order dated December 8, 2014, granting that branch of the defendants' motion which was to compel arbitration (see CPLR 2221[e][2]). The Supreme Court, in issuing that order, properly relied upon the arbitration provision contained in the Consulting Agreement under which the parties operated (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374). As the plaintiff failed to appeal from that order, and the parties proceeded to arbitrate the matter, the plaintiff charted his course in this action and may not now claim that the arbitration provision does not apply (see HSBC Bank USA, N.A. v Branker, 177 AD3d 954).
Concomitantly, the Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to amend the complaint (see CPLR 3025[b]; Edenwald Contr. Co., v City of New York, 60 NY2d 957, 959; Lennon v 56th & Park (NY) Owner, LLC, 199 AD3d 64). The plaintiff failed to offer any reasonable excuse for his delay of four years in seeking leave to amend the complaint, despite knowing the facts surrounding his relationship with IBD since the commencement of this action (see Ridgewood Sav. Bank v Glickman, 197 AD3d 1189).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court