| Castillo v 1248 Assoc. LLC |
| --- |
| 2024 NY Slip Op 31408(U) |
| April 22, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 522504/2018 |
| Judge: Devin P. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**Supreme Court of the State of New York**
**County of Kings**

Index Number_____**522504/2018**___
Seqs. 004

Part __LL1__

**DECISION/ORDER**

YESTER CASTILLO,

Plaintiff,

against

1248 ASSOCIATES LLC,

Defendants.

Recitation, as required by CPLR §2219 (a), of the
papers considered in the review of this Motion

**Papers Numbered**
Notice of Motion and Affidavits Annexed . . . . _____
Order to Show Cause and Affidavits Annexed. __1__
Answering Affidavits . . . . . . . . . . . . . . . . . . . __2__
Replying Affidavits . . . . . . . . . . . . . . . . . . . . . _____
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . __Var.__
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____

Upon the foregoing papers, defendant's order to show cause seeking to amend its pleadings (Seq. 004) is decided as follows:

Plaintiff filed his note of issue on December 17, 2021. After multiple scheduled appearances in the Jury Coordinating Part, this action was scheduled to begin jury selection on April 11, 2024. On April 12, 2024, the parties commenced jury selection, and were assigned to this part for trial. On April 16, 2024, this part received a proposed order to show cause from the defendant; the OSC was signed and made returnable April 22, 2024.

Defendant requests leave to amend its pleadings, pursuant to CPLR 3025 (b), to assert two additional affirmative defenses. The proposed tenth affirmative defense reads:

> The plaintiff's accident and his subsequent medical treatment are and were fraudulent and said occurrence and treatment were a product of a fraudulent scheme and fraudulent medical treatment in an effort to seek recovery in excess of the real value of any claim (proposed amended answer at ¶ 24).

The purported eleventh affirmative defense is actually a counter-claim for sanctions based on frivolous litigation.

Defendant's argument is predicated on a civil action filed in Federal court by certain insurance companies pursuant to the Racketeer Influenced and Corrupt Organizations (RICO)

1

Act. The complaint in that action names as defendants several of plaintiff's submitted experts and plaintiff's current counsel, who are not parties in this action. No parties have interposed answers or pre-answer motions to dismiss in the civil RICO action and no discovery has occurred. This motion does not contain a request to disqualify plaintiff's counsel on the basis of civil RICO action.

The instant action has been certified for trial for almost two and a half years. "Where . . . an action has long been certified as ready for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (*Boyd v Trent*, 297 AD2d 301, 303 [2d Dept 2002]); this is true even more so when such a motion is made on the eve of (or, as here, in the midst of) jury selection (*see American Cleaners, Inc. v American Intern. Specialty Lines Ins. Co.*, 68 AD3d 792 [2d Dept 2009]; *see also F.G.L. Knitting Mills, Inc. v 1087 Flushing Prop., Inc.*, 191 AD2d 533, 534 [2d Dept 1993]). "In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether the amendment is meritorious, and whether a reasonable excuse for the delay was offered" (*Romeo v Arrigo*, 254 AD2d 270, 270 [2d Dept 1998]).

Here, defendant freely admits in its own moving papers that there exists a long history among the civil defense bar of accusing these physicians of "the same conduct underlying the recent RICO action" (*see e.g.* aff. in supp. at ¶ 21 fn. 4). The fact that these accusations were more recently memorialized in a RICO complaint does not excuse defendant's delay in asserting its affirmative defenses once the plaintiff served his expert disclosures, or in a timely way thereafter. The civil RICO complaint does not constitute new facts or evidence sufficient to warrant defendant's request to amend its pleadings, as that complaint is merely vehicle for allegations.

2

Moreover, defendant's barebones assertion that plaintiff will not suffer prejudice is incorrect. This motion was brought in the midst of jury selection and on the eve of trial; delaying the trial of plaintiff's case in order to re-open discovery or to await the outcome of a nascent Federal civil RICO trial would certainly prejudice the plaintiff. Defendant has not demonstrated that the plaintiff's prejudice would be outweighed by the interests of the justice if the court granted defendant its requested relief.

Finally, defendant has not shown that its proposed affirmative defenses are meritorious. In its proposed tenth affirmative defense, defendant alleges that the plaintiff was involved in the purported fraud insofar as it claims that "the plaintiff's accident . . . was fraudulent." There is, however, no evidence provided that the plaintiff himself perpetrated any fraud. The gravamen of defendant's argument, which hinges almost entirely on the civil RICO complaint, does not impute any wrongdoing to this plaintiff. The remainder of defendant's affirmative defense is that non-parties to this action perpetrated fraud, which is not a proper affirmative defense (*see* CPLR 3018; *see also Nestorowich v Ricotta*, 97 NY2d 393 [2002]). The proposed eleventh affirmative defense is in reality a counter-claim that is improperly plead and is therefore impermissible (*see* CPLR 3019).

Ultimately, if defendant believed that these physicians or medical providers committed fraud and administered unnecessary medical treatment, the CPLR provides mechanisms for naming these individuals in this action and seeking compensation from them for any damages that defendant suffers. Defendant did not exercise any of these mechanisms, and defendant's arguments in the final stages of litigation to add affirmative defenses on the eve of trial are unavailing. For that reason, defendant's request to strike the note of issue is also denied.

3

### Conclusion

Defendant's order to show cause to amend its pleadings, strike the note of issue, and stay the trial (Seq. 004) is denied in all respects. Parties are directed to complete jury selection forthwith, ant trial of this action shall commence on May 2, 2024, at 9:30am. Both sets of requests for sanctions as such are denied. Plaintiff's request for costs is deferred.

This constitutes the decision and order of the court.

___April 22, 2024___
**DATE**

DEVIN P. COHEN
Justice of the Supreme Court

4

[* 4]