U.S. Bank N.A. v White
2026 NY Slip Op 03198
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank National Association, etc., appellant,
v
Theresa A. White, et al., defendants; Kensington Realty Development, LLC, nonparty-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2023-07863, (Index No. 13483/08)
Betsy Barros, J.P.
Lara J. Genovesi
Valerie Brathwaite Nelson
Deborah A. Dowling
Phillip Hom, JJ.

Woods Oviatt Gilman, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for appellant.
Sherwood & Truitt LLC, Garden City, NY (James P. Truitt III of counsel), for nonparty-respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered May 22, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint to add Kensington Realty Development, LLC, as a defendant and granted that branch of the cross-motion of Kensington Realty Development, LLC, which was to cancel the notice of pendency.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Theresa A. White and Erick Hauck (hereinafter together the borrowers) allegedly executed and delivered a note in a certain sum, which was secured by a mortgage on certain real property located in Floral Park. The borrowers subsequently transferred their interest in the property to Kensington Realty Development, LLC (hereinafter Kensington), in a deed that was recorded on February 7, 2007. In July 2008, the plaintiff's predecessor in interest commenced this action to foreclose the mortgage, electing to call due the entire amount secured by the mortgage, but did not include Kensington as a defendant despite the fact that Kensington's deed was recorded 1½ years prior to the commencement of this action. In the ensuing 10 years, the action was dismissed for want of prosecution, restored, and, after vacatur of a prior judgment of foreclosure and sale, ultimately brought to a second judgment of foreclosure and sale on September 26, 2018 (hereinafter the second judgment of foreclosure and sale) without the plaintiff ever seeking leave to add Kensington as a defendant in the action. We note that although a judgment had been entered in this action, that judgment did not affect Kensington's rights (see McWhite v I & I Realty Group, LLC, 210 AD3d 1069). The judgment may have been enforceable against the parties to the judgment, but the purchaser at a foreclosure sale would need to seek additional relief such as through reforeclosure (see U.S. Bank N.A. v 18 Wilkshire Circle, LLC, 233 AD3d 910, 912-913; U.S. Bank N.A. v Lomuto, 198 AD3d 707, 708; 6820 Ridge Realty v Goldman, 263 AD2d 22, 26-27). In a reforeclosure action, the plaintiff "must demonstrate that the defect in the original foreclosure action 'was not due to fraud or wilful neglect of the [foreclosure] plaintiff and that the defendant or the [*2]person under whom he [or she] claims was not actually prejudiced thereby'" (McWhite v I & I Realty Group, LLC, 210 AD3d at 1072, quoting RPAPL 1523[2]). Instead, the plaintiff further delayed the prosecution of the action by seeking leave to amend the complaint in the original foreclosure action to add Kensington as a defendant.
In 2019, 11 years after this action was commenced and 5 years after the statute of limitations had expired (see CPLR 213[4]), the plaintiff, for the first time, moved, among other things, for leave to file and serve a supplemental summons and amended complaint to add Kensington as a defendant. The motion, which was unopposed, initially was granted in an order entered March 27, 2019 (hereinafter the March 2019 order). However, Kensington contested personal jurisdiction, and in an order entered September 28, 2022 (hereinafter the September 2022 order), the Supreme Court subsequently vacated the March 2019 order.
In November 2022, the plaintiff again moved, inter alia, for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant in this action (hereinafter the November 2022 motion). Kensington opposed the November 2022 motion and cross-moved, among other things, pursuant to CPLR 6514 to cancel the notice of pendency. The Supreme Court denied that branch of the November 2022 motion and granted that branch of Kensington's cross-motion. The plaintiff appeals.
While leave to amend a pleading generally shall be freely granted (see id. § 3025[b]), "the decision to allow a party to amend a pleading is a discretionary matter for the trial court" (Derago v Ko, 189 AD3d 1352, 1353; see Alter v Quality Choice Healthcare, Inc., 184 AD3d 612, 612-613; Yong Soon Oh v Hua Jin, 124 AD3d 639, 640). "In deciding whether to grant a motion to serve an amended pleading in a long-pending case, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether the amendment is meritorious, and whether a reasonable excuse for the delay was offered" (Boyd v Trent, 297 AD2d 301, 303-304 [internal quotation marks omitted]; see Askari v McDermott, Will & Emery, LLP, 238 AD3d 824, 825; Flood v Alhindawi, 238 AD3d 713, 714; Ofman v Bluestone, 227 AD3d 822, 824; Migdal v MNT Props., LLC, 206 AD3d 903, 904; Ridgewood Sav. Bank v Glickman, 197 AD3d 1189, 1191; Alter v Quality Choice Healthcare, Inc., 184 AD3d at 613; McIntosh v Ronit Realty, LLC, 181 AD3d 579, 580; American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc., 177 AD3d 836, 838; Adduci v 1829 Park Place, LLC, 176 AD3d 658, 659; Brooks
v Robinson, 56 AD3d 406, 407; Romeo v Arrigo, 254 AD2d 270).
Here, the Supreme Court providently exercised its discretion in denying that branch of the November 2022 motion which was for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant. The plaintiff failed to offer any excuse for its delay of more than 11 years after the commencement of this action, and after a judgment of foreclosure and sale had been entered, in seeking leave to add Kensington as a defendant, despite Kensington's interest in the property having been recorded well before this action was commenced (see Shucht v Innovative Biodefense, Inc., 217 AD3d 703, 704; Migdal v MNT Props., LLC, 206 AD3d at 904; Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1015; Morand v Farmers New Century Ins. Co., 171 AD3d 1167, 1168; ATIFA v Shairzad, 56 AD3d 703, 704; see also Alter v Quality Choice Healthcare, Inc., 184 AD3d at 613; HSBC Mtge. Servs., Inc. v Alphonso, 163 AD3d 934, 936).
We agree with our dissenting colleagues that this Court is constrained to determine this appeal based upon the procedural history of this action. At the time that the November 2022 motion was made, Kensington was not a party to this action. Once the Supreme Court, in the September 2022 order, vacated the March 2019 order, the March 2019 order, which had granted leave to serve and file a supplemental summons and amended verified complaint, was a nullity. The plaintiff declined to appeal from the September 2022 order and instead again chose to seek, inter alia, leave to amend the complaint filed in 2008. We cannot agree with our dissenting colleagues that the plaintiff's delay in seeking to add Kensington as a defendant in this action is not an issue that the Court should consider or that we should ignore the more than 14 years between the commencement of this action and the entry of the September 2022 order. Further, while the dissent concludes that the delay of more than 11 years between the commencement of this action and the plaintiff's first [*3]motion, among other things, for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant should have been presented on an appeal from the March 2019 order, which granted that motion, as recognized by our dissenting colleagues, Kensington could not have appealed from the March 2019 order. Morever, the March 2019 order was vacated, leaving the plaintiff in the same position in which it had been in 2019.
While our dissenting colleagues find that the plaintiff only learned of Kensington's ownership of the property after the entry of the second judgment of foreclosure and sale, there is no such representation by the plaintiff in the record. The plaintiff's submissions have been vague on this point, and no explanation has been offered for why the plaintiff purportedly was not aware of the deed recorded in the Nassau County Clerk's Office on February 7, 2007. In addition, while our dissenting colleagues conclude that it cannot be said that the plaintiff's cause of action against Kensington is patently devoid of merit, we cannot ignore the fact that the statute of limitations expired in 2014 (see CPLR 213[4]). "Amendments that seek to add a time-barred claim or party will be found to be patently devoid of merit" (Bisono v Mist Enters., Inc., 231 AD3d 134, 140; see Kolodziejski v North Shore Univ. Hosp., 242 AD3d 971, 972).
In light of our determination, we do not reach the parties' remaining contentions.
BARROS, J.P., BRATHWAITE NELSON and DOWLING, JJ., concur.
GENOVESI, J., dissents, and votes to reverse the order insofar as appealed from, on the law and in the exercise of discretion, grant that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint to add Kensington Realty Development, LLC, as a defendant, and deny that branch of the cross-motion of Kensington Realty Development, LLC, which was to cancel the notice of pendency, with the following memorandum, in which HOM, J., concurs:
In my view, under the unique circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve and file a supplemental summons and amended complaint to add Kensington Realty Development, LLC (hereinafter Kensington), as a defendant and improperly granted that branch of Kensington's cross-motion which was to cancel the notice of pendency. While I acknowledge the long and tortured procedural history of this action, I respectfully disagree with the approach taken by my colleagues in the majority, as well as their conclusion that the plaintiff's delay in moving for leave to add Kensington as a defendant should be measured from the commencement of this action, rather than from its prior motion for identical relief.
It is undisputed that this foreclosure action is not the model for litigation. As stated, this action was commenced in 2008, and by 2019, the action had been dismissed for want of prosecution and later restored and the plaintiff had obtained two orders of reference, as well as two judgments of foreclosure and sale. The long and tortured procedural history of this action reflects numerous complicated choices made by all involved. First, as relevant to our discussion, in 2019, the plaintiff initially moved, inter alia, for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant (hereinafter the first motion to amend) approximately 11 years after the commencement of this action. The record demonstrates that the plaintiff learned that Kensington was the title owner of the property in 2018, after the entry of the second judgment of foreclosure and sale. However, an inquiry into the lengthy delay did not occur at this time, because, in an order entered March 27, 2019 (hereinafter the March 2019 order), the first motion to amend was granted without opposition. Since Kensington did not oppose the first motion to amend, it was precluded from appealing from the March 2019 order (see CPLR 5511; Pepino v Dooley, 239 AD3d 1008, 1008). However, notably, Kensington also failed to utilize its available remedy, which was to move to vacate its default in opposing the first motion to amend and to appeal from that determination, if necessary (see generally Ernest v St. Juste, 240 AD3d 667, 668). Rather, Kensington charted another course when it joined issue by filing an answer with affirmative defenses and participating in the litigation.
Approximately three years later, and after the matter had been reassigned in the Supreme Court, the plaintiff moved for summary judgment on the amended complaint insofar as asserted against Kensington (hereinafter the 2022 motion), and Kensington cross-moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered September 28, 2022 (hereinafter the September 2022 order), the court, among other things, denied the plaintiff's motion and granted Kensington's cross-motion to the extent of, sua sponte, deeming Kensington's cross-motion to be one to vacate the March 2019 order. The court, sua sponte, determined "that the manner in which Kensington was added to this action was hopelessly flawed and prejudicial." While the court acknowledged that the plaintiff properly effected service of process on Kensington by serving the amended complaint on the Secretary of State pursuant to CPLR 311, the court concluded that the plaintiff's service of the first motion to amend was "grossly insufficient." Ultimately, in an exercise of discretion, the court vacated the March 2019 order and directed dismissal of the "action against Kensington in the interests of substantial justice." Although there was no authority to support the court's sua sponte determinations, and the plaintiff's service of the 2022 motion on Kensington was a mere courtesy, the plaintiff, as the aggrieved party, failed to (1) seek leave to appeal from that portion of the September 2022 order, (2) move for leave to reargue, or (3) move to vacate that portion of the September 2022 order and to appeal as of right if the motion was denied (see Wilmington Sav. Fund Socy., FSB v Thompson, 230 AD3d 1379, 1380). Rather, the plaintiff opted to move, inter alia, for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant (hereinafter the second motion to amend) a second time approximately two months later, which is the branch of the plaintiff's motion which is the subject of this appeal.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit" (Singh v T-Mobile, 232 AD3d 662, 667 [internal quotation marks omitted]; see TD Bank, N.A. v Keenan, 221 AD3d 1040, 1041). "Delay alone is insufficient to bar an amendment to the pleading; it must be lateness coupled with significant prejudice to the other side" (Egelandsdal v Massaro, 243 AD3d 637, 639 [alteration and internal quotation marks omitted]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; S.F. v Friedman, 244 AD3d 945; Mitchell v Jimenez, 233 AD3d 773, 777; Burger v Village of Sloatsburg, 216 AD3d 730, 731).
"'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (Deutsche Bank Natl. Trust Co. v David, 242 AD3d 1056, 1057, quoting Shields v Darpoh, 207 AD3d 586, 587; Fernandez v Feoktistov, 240 AD3d 575, 575 [internal quotation marks omitted]). A finding of prejudice "'requires a showing that the party has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position'" (Great Neck Lib. v Kaeyer, Garment & Davidson Architects, P.C., 236 AD3d 873, 875, quoting JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 846; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). No evidentiary showing of merit is required under CPLR 3025(b) (see Deutsche Bank Natl. Trust Co. v David, 242 AD3d at 1057; Fernandez v Feoktistov, 240 AD3d at 575). "'A court must not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt'" (New York Bus Operators Compensation Trust v Arthur J. Gallagher & Co., 241 AD3d 568, 569, quoting TD Bank, N.A. v Keenan, 221 AD3d at 1041).
It is my opinion that the Supreme Court improvidently exercised its discretion in denying that branch of the second motion to amend which was for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant. Kensington, as the party opposing the second motion to amend, had the burden of demonstrating prejudice or surprise (see Deutsche Bank Natl. Trust Co. v David, 242 AD3d at 1057). Kensington utterly failed to do so. Kensington simply failed to address the issue of surprise in opposition to the second motion to amend. Notwithstanding Kensington's failure, the record clearly demonstrates that the second motion to amend caused no surprise to Kensington, which by that time was not only aware of the litigation but had participated in the litigation for nearly four years. Moreover, at the time of the filing of the second motion to amend, the court had only directed dismissal of the action insofar [*4]as asserted against Kensington a mere two months prior.
Kensington further failed to meet its burden of demonstrating prejudice, as it did not present any evidence that it was hindered in the preparation of its case or was prevented from taking some measure in support of its position (see Great Neck Lib. v Kaeyer, Garment & Davidson Architects, P.C., 236 AD3d at 875; Burger v Village of Sloatsburg, 216 AD3d at 731-732). In opposition to the 2022 motion, Kensington failed to address the issue of prejudice. In further support of its cross-motion for summary judgment dismissing the amended complaint insofar as asserted against it, similar to the arguments it advances on appeal, Kensington merely offered the conclusory statement that the 11-year delay from the commencement of this action to the making of the second motion to amend was prejudicial, as that delay denied Kensington the opportunity to protect its rights or to "coordinate a defense to this action." As Kensington participated in the litigation for a number of years by this point, it is clear that Kensington was not precluded from protecting its rights.
Moreover, although no evidentiary showing of merit is required under CPLR 3025(b) (see Fernandez v Feoktistov, 240 AD3d at 575), here, Kensington, as the party opposing the second motion to amend, failed to meet its burden of demonstrating that the proposed amendment was patently devoid of merit. Contrary to Kensington's contention, the Supreme Court's prior directive of dismissal does not demonstrate a lack of merit, as dismissal for nonjoinder of a party is without prejudice (see CPLR 1003). Notwithstanding the court's sua sponte actions in the September 2022 order deeming Kensington's cross-motion for summary judgment dismissing the amended complaint insofar as asserted against it to be one to vacate the March 2019 order and directing dismissal of the action in the interest of justice, that directive of dismissal was ultimately based on perceived procedural defects and adequacy of service, not on the merits of the action.
My colleagues in the majority spotlight the plaintiff's delay in this action, taking a cumulative view of the timeline here. Specifically, in determining this appeal from the order entered May 22, 2023, my colleagues in the majority treat the plaintiff's delay in seeking leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant as being "more than 11 years," reaching back to the commencement of this action. It is my opinion that this approach is misguided, since it overlooks the first motion to amend seeking the same relief, fails to acknowledge the unusual circumstances presented here, and disregards Kensington's failure to meet its burden in opposing the second motion to amend. Had Kensington utilized its available remedy and moved to vacate the March 2019 order, the plaintiff's lengthy delay certainly could have been an appropriate inquiry for the Supreme Court and for this Court on any ensuing appeal from that determination. However, this Court is constrained to determine the instant appeal, which is from the order, among other things, denying that branch of the second motion to amend which was to add Kensington as a defendant, which at that point had been fully engaged in litigating this action for nearly four years.
In support of their approach, my colleagues in the majority rely on the rule that "[i]n deciding whether to grant a motion to serve an amended pleading in a long-pending case, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether the amendment is meritorious, and whether a reasonable excuse for the delay was offered" (Boyd v Trent, 297 AD2d 301, 303-304 [internal quotation marks omitted]). However, the cases relied on by my colleagues in the majority are distinguishable.
As an initial matter, in a number of those cases, the actions were certified as trial ready prior to the making of the respective motions for leave to amend the complaint (see id.; see also Migdal v MNT Props., LLC, 206 AD3d 903, 904; Alter v Quality Choice Healthcare, Inc., 184 AD3d 612, 613). It is undisputed that "'[w]here the motion for leave to amend a pleading is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious'" (Flood v Alhindawi, 238 AD3d 713, 714, quoting Lorincz v Castellano, 208 AD3d 573, 575; see Alter v Quality Choice Healthcare, Inc., 184 AD3d at 613). In such circumstances, delay becomes the focus of the inquiry and when "'exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was [*5]offered'" (Migdal v MNT Props., LLC, 206 AD3d at 904, quoting Yong Soon Oh v Hua Jin, 124 AD3d 639, 640). Under such circumstances, when leave is sought on the eve of trial, "judicial discretion should be exercised sparingly" (id. [internal quotation marks omitted]; see Alter v Quality Choice Healthcare, Inc., 184 AD3d at 613; Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828). However, unlike those cases, there is no indication in the record herein that this action was anywhere near ready for trial. There is certainly no evidence that this action was certified as trial ready or that a note of issue was filed prior to the second motion to amend.
My colleagues in the majority further rely on cases that are otherwise distinguishable, where the opposing party met their burden and established unfair surprise or prejudice (see Ofman v Bluestone, 227 AD3d 822, 824; Adduci v 1829 Park Place, LLC, 176 AD3d 658, 659) or where the proposed amendment was patently devoid of merit (see Askari v McDermott, Will & Emery, LLP, 238 AD3d 824, 825; Flood v Alhindawi, 238 AD3d at 714; Ridgewood Sav. Bank v Glickman, 197 AD3d 1189, 1191; McIntosh v Ronit Realty, LLC, 181 AD3d 579, 580; American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc., 177 AD3d 836, 838; Romeo v Arrigo, 254 AD2d 270).
It is well settled that "we are required to decide this case solely with reference to the arguments actually made by the parties" and that "[i]t would not be appropriate for us to decide this appeal on a distinct ground that we winkled out wholly on our own" (Kaufman v Kaufman, 189 AD3d 31, 69 [internal quotation marks omitted]; see People v Biggs, 208 AD3d 1340, 1361-1362; Green Tree Servicing, LLC v Molini, 171 AD3d 880, 882), as such "would pose an obvious problem of fair play" (Misicki v Caradonna, 12 NY3d 511, 519). In the instant action, Kensington's contentions focus on the delay and the procedural irregularities in the action. Kensington did not allege before the Supreme Court, or in its appellate brief, that leave was sought on the eve of trial, which would require this Court to examine the delay and consider whether a reasonable excuse therefor was provided. Kensington further failed to contend that the proposed amendment was patently devoid of merit, including on the basis of a statute of limitations defense. Therefore, such considerations are not properly before this Court (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 159). As the Court of Appeals recognized, "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d at 519; see A P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d 138, 149).
After unwinding the complex procedural posture here, it is my opinion that the cumulative approach taken by my colleagues in the majority fails to acknowledge the timeline before this Court. Pointedly, it does not comport with this Court's jurisprudence, which clearly states that "the 'mere lateness' of a motion for leave to amend, in and of itself, is insufficient to warrant denial absent a showing of significant prejudice to the opposing party" (S.F. v Friedman, 244 AD3d at 945, quoting Edenwald Contr. Co. v City of New York, 60 NY2d at 959; see Mitchell v Jimenez, 233 AD3d at 777; Burger v Village of Sloatsburg, 216 AD3d at 731-732).
While the plaintiff's initial delay in moving for leave to serve and file a supplemental summons and amended complaint to add Kensington as a defendant is indeed problematic, that inquiry could have been appropriately presented on an appeal from the March 2019 order granting the first motion to amend. Given the procedural history before us, under the circumstances of this case, fairness dictates that should this Court consider any delay, it view the plaintiff's delay as being from the September 2022 order, which, inter alia, directed dismissal of the action insofar as asserted against Kensington, making the length of the operative delay approximately two months. There is a strong public policy in favor of resolving cases on the merits and this action should be determined on the merits as against Kensington, the title owner of the property. Here, where there is not a scintilla of evidence of surprise and Kensington failed to meet its burden of establishing the existence of any prejudice, it is my opinion that delay alone is an insufficient basis to deny that branch of the second motion to amend which was to add Kensington as a defendant, and the Supreme Court improvidently exercised its discretion in such denial.
Accordingly, I conclude that that branch of the second motion to amend which was for leave to serve and file a supplemental summons and amended complaint to add Kensington as [*6]a defendant should have been granted and that branch of Kensington's cross-motion which was to cancel the notice of pendency should have been denied.
ENTER:
Darrell M. Joseph
Clerk of the Court